FRIEDMAN, Senior Circuit Judge,
concurring in the judgment.
I join in the court’s judgment reversing the judgment of the United States Court of Appeals for Veterans Claims (“Veterans Court”) and remanding the case for further proceedings. I write separately because of my concern that the court’s opinion seems to speak more broadly than is necessary to dispose of this case.
Unlike the administrative proceedings involving veterans benefits before the Department of Veterans Affairs (“Department”), which are non-adversarial, the judicial proceedings before the Veterans Court are fully adversarial. Before that Article I court, the appellee usually is the Secretary of Veterans Affairs and ordinarily is represented by the Department’s General Counsel. The proceedings before that court, like those before other courts of the United States, are totally adversarial.
It seems anomalous, to say the least, to impose upon one of the parties in such judicial proceedings the obligation to assist his opponent in presenting and trying to win his case. Yet that is what certain passages in the court’s opinion appear to suggest, if not require.
Thus, the court states that specified decisions of the Veterans Court “place a duty on the government to come forward with jurisdictional evidence in its possession and to develop additional facts uniquely within its competence, even though not part of the veteran’s claim file”; that “it is necessary, as exemplified by Sthele, to place some duty on the government to develop relevant facts in order to clarify the jurisdictional record”; that “when, as here, a veteran alleges facts to show entitlement to equitable tolling, ... and jurisdiction is called into question, consistent with its duty to ensure the reality and appearance of systemic fairness and the rule in Jensen, the government must assist the court by providing and, where necessary, procuring further evidence helpful in deciding jurisdiction, e.g., declarations, new medical examinations, and other forms of evidence as appropriate.... The government shall make these submissions on its own initiative, upon request of the veteran, or as required by the Veterans Court”; and that “both Barrett and the Secretary should voluntarily provide the Veterans Court with any other relevant evidence now in their possession or later obtained.”
If these statements are intended merely to indicate the scope of the requirements the Veterans Court may impose on the Department as a litigant before it, I have no problem with them. If, however, they are read to suggest or indicate that the Department is obligated to take such action on its own, either voluntarily or in response to the veteran’s request but without any directive from the Veterans Court to do so, I find them troublesome.
Before this court provides or recognizes such a fundamental change in our adver *1047 sarial system of judicial adjudication, I would think it would require a clear and explicit expression of legislative intent to do so. It is 38 U.S.C. § 5103A that creates and describes the Secretary’s “Duty to assist claimants” “in obtaining evidence necessary to substantiate the claimant’s claim for a benefit under a law administered by the Secretary.” 38 U.S.C. 5103A(a). I see nothing there that would require the Secretary on his own initiative to take such action. To the contrary, those provisions seem to me to address the Secretary’s duty to assist veterans only in handling their claims in the non-adversarial administrative proceedings before the Department. When the case reaches the stage of judicial review of the Secretary’s action before the Veterans Court, however, I think the normal adversarial system prevails, so that neither side has any obligation on its own to assist its opponent in handling the case on appeal.
In sum, I think that any duty the Secretary may have to assist the veteran in handling an appeal before the Veterans Court is limited to compliance with the court’s directives or requests, and does not also include an obligation to furnish information or provide medical assistance on his own initiative or on request of the veteran. Although the present case involves only a narrow issue involving the Veterans Court’s jurisdiction, some language in the opinion appears to have broader and troubling implications.